MARY S. HARRISON'S TRUSTEE *v.* JOHN KUNTZ.

**Distress Warrant—Landlord and Tenant—Pleading—Exemption.**
 Where a distress warrant is issued at the instance of a landlord against the goods of his tenant, and pleading by the tenant is defective which avers that at the time of the levy and sale he was a bona fide housekeeper with a family and that the personal property seized and sold was by law exempt from seizure and sale under a distress warrant, the pleader should have stated what number or quantity of each character of personal property levied on he owned at the time of the seizure so that the court might determine whether the property taken was exempt.

**Exemption.**
 A contract not to claim the benefit of the exemption is executory and does not bind the appellee.

APPEAL FROM BULLITT CIRCUIT COURT.

*April 26, 1876.*

OPINION BY JUDGE LINDSAY:

In order to enable a tenant whose property has been seized and sold under a distress warrant sued out by his landlord, to recover under the provisions of the 4th and 5th sections of the Act of March 7, 1871, Sess. Acts 1871, Vol. 1, p. 44, it is necessary that his

traverse shall either controvert the material averments of the affidavit upon which the warrant was based, or if the warrant was properly sued out, shall set up affirmatively such facts as rendered the levy and sale illegal.

. The traverse in this case, in effect, concedes that the appellee was indebted to his landlord .in the sum of at least seventy-five dollars, and that the same was due and payable in money, when the warrant was sued out. The traverser avers that at the time of the levy and sale he was a bona fide housekeeper with a family, and that the personal property seized and sold was by law exempt from seizure and sale under execution or distress warrant.

Whether or not it was exempt is a question of law. If he owned more than two horses, or more than one wagon, or more than two cows, or more than the number of stores, fowls, hogs, &c., that are exempted by statute, then the officer had the right to seize and sell the property, for the value of which the traverser is here seeking a recovery. The presumption of law is that the officer did not levy upon property not subject to seizure and sale, and in order to overcome that presumption it was necessary that appellee should have stated what number or quantity of each character of personal property levied on he owned at the time of the seizure, so that the court might have determined whether or not the property taken was exempt.

The instruction given for appellee was erroneous. It did not inform the jury what property is exempt from the payment of debt; and besides the traverse sets out no cause of action on that branch of the controversy. The terms of the lease cannot be specifically enforced. The contract not to claim the benefit of the exemption law remained executory and does not bind the appellee.

But if it shall finally turn out that the seizure and sale of the property was a trespass, the estate of the cestui que trust, Mary L. Harrison, cannot be subjected to the satisfaction of the damages resulting from the wrong of her trustee, unless it shall be made to appear that she actually participated in procuring the trespass to be committed.

The judgment is *reversed* and the cause remanded for further proceedings not inconsistent with this opinion.

*R. H. Field, J. &J. W. Rodman, for appellant.*
*E. E. Pate and R. J. Meyler, for appellee.*